Okay, Mr. Long, let's let everyone clear out in the first case and you may begin, sir. Your Honor, this is a case about authority of a federal district court dealing with a non-diverse citizen of Louisiana. I think the facts are well known to you. I know that you men have all read the brief. You know this involves an allegation of rape in Baton Rouge. My clients, Cason Carver and Everett Lee were front seat passengers. Mr. Carver has been indicted for first and third degree rape. Mr. Lee has not been indicted for anything. In July of 2023, Nancy Grace went on the internet and made statements that we believe were defamatory, accusing our clients of rape and homicide. Obviously, Mr. Carver was facing life in prison without parole under first degree rape. We did not believe we could get a fair jury if we allowed these statements to continue. Under their direction, we filed a defamation lawsuit in New Orleans because we did not believe we could get a fair jury in Baton Rouge. It was too sensational in Baton Rouge, so we filed in New Orleans in CDC. Within a month, we were properly removed to the Eastern District. Fox News and IR Radio were the employers of Nancy Grace. They were later dismissed under a 12B6 rule. Ms. Bostrom also came along to federal court and also filed a 12B6 and asked for attorney's fees, costs, and exemplary damages under a state law. The narrow issue here today is did Judge Barbier have legal authority to rule on a non-diverse defendant after he had ruled against the remand. He had denied the remand. The law of the circuit is the International Ventures case, which I'm sure you've read. It says after you deny the motion to remand, it's over. You don't have subject matter jurisdiction, and so you can't rule on anything else. You can't rule on a 12B6, which goes into the merits of the case. That's what they did. Judge Barbier ruled on the merits of the case and said 12B6 is granted. And then he said, I want you all to brief the issue on state law damages under 133381. If he doesn't have subject matter jurisdiction under the controlling law of the circuit, under International Ventures, he was supposed to deny the 12B6 as moot. He did not do that. Instead, he entertained it. He made an eerie guess on what the law meant by borrowing from a criminal statute, Title 46, and saying the definitional portion of 133381 is not clear. So I'm going to borrow from a criminal statute to include the mother of the alleged victim. Of course, we believe that he was beyond his authority to do that. Ms. Boster's remedy was in CDC. She should have gone to CDC. She could have filed a no cause of action. If she believed that it was in bad faith, she could have filed sanctions under state law. Would you agree that the dismissal of her should have been without prejudice? The dismissal of the 12B6? Yes. Yes, sir. Yes, sir. I believe it should have been. It should have gone back to CDC where it was supposed to be in the first place. I agree that that's the proper remedy, is to push it back to state court. It's a defamation case. You all don't hear defamation cases unless it's supplemental jurisdiction, right? Or if it's just purely a diversity case. And she's a non-diversity defendant. She has no business being in federal court. So anyway, so. Do you agree that on appeal you're only contesting the application of attorney's aid? Well, costs, attorney's fees, and exemplary damages, Your Honor. That's the narrow issue that we're appealing here. That he exceeded his authority in using state law to grant that. That's the only basis that all of that was awarded, correct? Correct, Your Honor. Nobody filed for Rule 11 sanctions. The judge didn't file for Rule 11 sanctions. It was strictly borrowing state law, which means that he had to make a substantive evaluation when he did not have subject matter jurisdiction. So strictly the 3381. Correct, sir. So the argument that they make in their brief is, well, it's just like Rule 11. It's not just like Rule 11. Why? Rule 11 says you have to comply with certain procedural mechanisms, which was what? You give them a 21-day safe harbor. You send them the proposed Rule 11 pleading, and they make a decision whether they want to litigate or whether they want to get out. That was not offered to us. Even if the judge wanted to do it, he'd have to file a rule to show cause, and we would get our due process here. That was not done either. 133381 is not analogous to Rule 11 for very important reasons. There's no due process protections under that. If you find somehow that this judge could have applied state law, we say that he was wrong in his eerie guess by borrowing from Title 46 the definition of a victim of a sex crime. When 133381 defines it, it says, the victim is the defendant who was the victim of the unwelcome conduct. That, in this case, is Madison Brooks, not her mother. The argument then is a policy argument. We're not here for policy. We're here to apply the statute, if it makes sense, right? Now, Title 46 is a criminal statute, and they have expanded the definition of the victim of a sex crime to the family member if the alleged victim of the sexual misconduct was deceased. They have expanded that to include the wrongful death beneficiaries. It was not in this statute. And so the only way that you can read that is to borrow from a criminal statute and apply it to a civil statute. This statute is clearly unambiguous. What's the purpose of it, anyway? The purpose is that someone who allegedly raped somebody cannot sue them to silence them and to chill their reporting to the police of what happened. That's the reason behind the rule. It is not to provide damages to a family member who wants to speak on it. Now, if the legislature had wanted to do that, they could have done that, because that's what they did in Title 46. They expanded that definition. So we have to believe that what they wrote in 133381 is what they meant. It's a very limited statute to protect victims of sexual misconduct from being sued for defamation and being put in bankruptcy court for complaining about criminal acts. If we agree with you that the underlying defamation suit belongs in state court, can we still remand to the district court to have a Rule 11 hearing? The case has been dismissed, Your Honor. I understand, and it's before us on your appeal. And my question is, if we agree that, in fact, the mother was improperly joined and, in fact, the case belongs in state court, are you still subject to Rule 11 sanctions in federal district court for your conduct in federal district court? I would think that would require a substantive evaluation of whether it was good faith or bad faith, the lawsuit. I'm not asking if you're liable under Rule 11. I'm asking, is it ancillary to the merits? Or, in this case, I suppose it would be ancillary to the jurisdictional question of the remand to state court. That is the routine answer to that question, that federal courts use federal statutes to enforce federal violations, and Rule 11 is a federal violation. But the problem is that neither Fox nor iHeartRadio nor Nancy Grace nor Ashley Bostick ever asked for Rule 11 sanctions. This would all be sua sponte. If they got denied under state law, they would say, okay, well, we're going to do over. We're going to do it under Rule 11. But no one has asked for that. Right, but there's no obligation. I mean, last I checked, Rule 11 sanctions exist sua sponte as much as they do by motion, yes? Yes, they do, Your Honor. I agree with that. So we could send it back to the district court to consider in the first instance? We could, as long as we understood that much of the legal work that was done that they want compensation for was done because the district court exceeded its authority in the first place and ordered them briefs on law that he had no subject matter jurisdiction over. So that would all have to be done away. And so then what are we talking about here? We're talking about they have done no legal work in federal court other than answering pursuant to the district court's rulings that you need to brief on this, brief on that, brief on this. And if all of that is void, what do they have? So you're saying that there's no subject matter jurisdiction and that's the only thing the district court should have found? Yes, Your Honor. As soon as they've ruled that they would not remand the case to state court? So the only thing the district court should have assessed was subject matter jurisdiction. And so our disposition would be to vacate the district court's order and remand for dismissal without prejudice. Yes, sir. I think that's the answer. Correct. Let me get at it this way. You brought a lawsuit against Ms. Foster? Yes. And when that case was removed to federal court, you were subject to federal pleading standards? We were. Including Rule 11? We were. So what would be the Rule 11 passable allegation against Ms. Foster that she committed defamation against your clients? You'd have to get into the facts of the case, Your Honor. We've been under a protective order. There's no facts of the case. This is all disinformation, rumor, innuendo. That's what the judge had to make his ruling on here. We've been under a protective order on the criminal case and none of this stuff could come out. But your clients are civil plaintiffs in the case before us. Yes, sir. And when this case gets removed to federal court and we apply the federal rules of civil procedure to the complaint that you brought against this mother grieving the rape and murder of her child, you were subject to Rule 11, and I'm asking you what allegations did you have in your complaint that would pass Rule 11 muster against the mom? We believe all of it. So what did she say that was defamatory? She said my clients killed and raped her child. So point to me what she said. I'm looking at your brief and I'm looking at the quote. They did not drop her off in a neighborhood. That's the first allegation that you have. What? Is that defamatory? Yes. In context, Your Honor, in that area, the place they dropped her off, the speed limit is 10 miles an hour. She said they dropped her off in the middle of a busy highway in the middle of the night. They did not drop her off in a neighborhood, as the media portrays. That's not the case. She was not dropped off in front of someone's house. That's not the case. She was dropped off on Burbank Drive.  The speed limit is 55. And that's defamatory of who? It's defamatory of our clients saying that they dumped a woman off in the middle of a road with high volume of traffic in the middle of the night. And so you think that passes Rule 11? In the context of being alleged to have caused negligent homicide, yes, sir. So I was intrigued by something that you said in the media. You said, quote, We believe that if Ms. Brooks was alive, this would not be a crime. She would have not complained about it at all. Do you remember that quote? Yes, sir, I do. Now, if that was in the complaint, would that be defamatory? Against a dead person? No, sir. And would it only be not defamatory because you can't defame the dead? You can't defame the dead, Your Honor. So are you allowed to say anything? No, the truth is a defense, Your Honor. And your position is that she would have, quote, not complained about it at all? That's correct, Your Honor. Because we know about her background that we can't bring that up in court. All right? We can't bring that up in court. It would not be proper to do it anyway. It's not proper to bring it up in court, but it is proper to bring it up in the media. Your Honor, the position was that my client's staff committed a crime. Does the protective order not apply to the statements you make to the media? It was put in place in July. That was in January, six months later, Your Honor. Got it. So this statement came before the protective order. Very good. I appreciate the clarification. Yes, sir. What is the proper definition under 1333A1A1 of victim? The victim is the defendant that is the victim of the unwanted sexual conduct. Why should it not include bouncer? Because it doesn't, Your Honor. Because the plain reading in the statute does not include victims of an adult, excuse me, parents of an adult victim. So you would have to jurisprudentially expand the definition to satisfy this posture as being a victim. And what the judge did was he borrowed a criminal statute and said, well, that's what it says in this criminal statute, so I'm going to say that's what it means here too. Okay. Yes, sir. Any further? All right, counsel. You got five minutes left. Thank you. Yes, you do have five minutes per rebuttal. All right, Mr. Miller. Good afternoon, Your Honors. Judge Oldham, you stole my thunder. I'm going to start my argument to put in context what happened here. Not only did this man, Joe Long, say Madison Brooks would not have complained about it at all, record on appeal at 841. He said it at an arranged conference on Courthouse Steps in Baton Rouge, the day of Madison Brooks' funeral. Okay? Let me put that in proper context because that is the context of Judge Barbier's collateral sanctions law. That was the third defamatory statement that he put in his state court petition against my client that Judge Barbier addressed, pursuant to a 12B6 improper joinder analysis. He went through the statements, the allegedly defamatory statements, one by one. He applied the appropriate 12B6 analysis. He cited Judge Weiner's international energy case for that analysis. He says, I am not engaging in the merits. I am conducting a jurisdictional analysis. He conducted that jurisdictional analysis, which included this man's statement that my client repeated on the Nancy Gray special by saying, question, Ms. Bouster, do you go to court here? No, I don't. It would be too hurtful because of all the victim blame, and specifically the statement Mr. Long made the day of her daughter's funeral. Okay. The same question I ask composing counsel. What is the proper definition of victim under Louisiana's 1333-81A1, and why should it include Bouster? Yes, Judge Weiner, and we're lucky to have two civilian jurists here on the panel, you and Judge Inglehart. Judge Barbier applied the appropriate civilian statutory interpretation analysis to determine the victim included in this particular situation where the sexual assault victim is dead, the mother, and the victim advocate of the victim, that the mother fell within the definition of victim. What he did was he went through a multilayered civilian analysis to give meaning to the statute, including reviewing the legislative history, including the testimony of now City Councilman J.P. Morrell, former State Senator J.P. Morrell, who passed the legislation. He went through that. He went through justice. He went through equity. As Mr. Long talked about in his argument, he had looked at prior revised statutes in Louisiana, which define victim, because all the other terms in 1338.1 were defined. Is there no need to confer any type of procedural capacity, like a succession representative or anything like that? I think it's more like a 2315.1 survival action analysis, which is what he concluded. So the mom has a wrongful death lawsuit, and in that wrongful death lawsuit, she didn't have to get put in possession of the right. She had that automatic right under Louisiana law. So that was another analogy that he made for Louisiana law in terms of how you define victim in this particular set of circumstances. Well, let me ask you, what is your best case for the proposition that the district court, a federal district court, could apply state law after dismissing under the circumstances here? I think this is an entirely appropriate collateral order by Joe Farviere. What he did was- But what case can I look at that would make me agree with you? Okay. So the Griggs case that we cited is an improper joinder, Rule 11 case, right, which found the joinder to be sanctionable under Rule 11. Okay, but there are, in counsel, illustrated some differences, including some procedural differences regarding Rule 11 and this statute. Is there any case that you can cite to us wherein a federal district court, under circumstances analogous to this, applied state law to assess fees, costs, penalties, fines, what have you under state law? I could not find a federal appellate court case in which a federal judge based a collateral sanctions order on a state statute like this. I could find many cases in which federal judges imposed sanction orders of similar type conduct under Rule 11, under 28 U.S.C. 1927, under 28 U.S.C. 1447 C.1, which deals specifically with removals, but not with a particular state statute like this. But what Judge Barbier didn't do was he never made a merits determination into the state statute. And the only analysis that Judge Barbier undertook was the jurisdictional analysis on improper remand. The steps were, on October 25th, 2024, he denies a motion to remand, conducting an appropriate jurisdictional analysis only. He cites the international energy case and says, I am not doing a merits-based analysis. He enters that order on October 25th, 2024. Six days later, he grants Ms. Baustrick's 12B6 motion. And I've got to say, in the Eastern District where you came from, that is still the practice of improper joinder. You oppose remand and you file contemporaneously your 12B6 motion, or if you're asking for pleadings to be pierced, you file Rule 56. Here it was 12B6. Six days later, he grants the 12B6 motion, assigns no additional reasons. He says, solely for the reasons assigned. Six days ago, in connection with my jurisdictional analysis, he made no additional merits-based findings. Would you agree that the dismissal should have been without prejudice on that basis? I agree. If you take an absolute literal reading to international energy, then probably so. But I think that this case is different than international energy, because what happened in international energy was the reverse. And remember, the focus of international energy was whether or not, on an improper joinder argument, you applied federal pleading standards or state pleading standards. There's just a very small section at the end of Judge Wiener's very good opinion on that issue as to whether or not the dismissal should be with or without prejudice. But in that particular case, Judge Hoyt, who had been the district judge in Houston, issued a one-line ruling on remand. He then followed that up weeks later with a substantive ruling on 12B6. This is not what Judge Borromier did here. But you mentioned a few minutes ago, you said that he did not get into the merits. The judge did not get into the merits. So putting aside removal and remand, if that's the case, then why would it be with prejudice? Why would it be with prejudice on the 12B6? Right. Like I said, it could be without prejudice. And if there is a remand with instruction, that could be cured by issuing it with prejudice. But that does then not negate, in my opinion, the collateral, the ancillary sanctions order that was imposed. Because that was imposed as a result of the improper joinder, as analyzed in Judge Borromier's ruling on remand. Because there was no separate merits-based determination on 12B6. He simply adopted his earlier reasonings, denying the motion of remand. And then, when he ordered the additional briefing on 1338.1, again, he made no merits-based determination. He only made a standing determination. The only additional briefing, and the only information that is in his third ruling, is what constitutes a victim. Because he sought insight from the parties on that. In that regard, have you been able to uncover any similar state statutes that provide the same sort of protection for victims of crimes where the court has had to make that determination? I have not. There are other state statutes. Because when you look at the testimony from Senator Morrell, when this legislation was passed, he referenced this being part of a national wave of legislation that was going around the country. I have not analyzed the legislation that was passed in other states at around the same time, and how they defined victim, whether it was defined or not defined, or adopted, other aspects of that state law. Okay. I'm happy to answer any additional questions the panel has. Anything further? No. Okay. Thank you, counsel. Thank you, Your Honor. We have five minutes of rebuttal reserved for Mr. Long. Your Honor, you're going to get out of here early today. I think Mr. Miller only took about 11 minutes of his time, and I don't think I'll take the whole five minutes. No, there's no penalty for finishing early. No, that's right. And rather than me getting up here and listening to myself talk, which is one of my favorite pastimes, I'd rather just answer any other questions that may have come up during that colloquy. I will say that the law, the statute 133381, is clear. It's to protect the victims of unwanted sexual conduct. It could have been expanded, but it wasn't. The legislature made a decision on what they wanted to do, and that was to protect the actual victims of sexual misconduct, all right, so that the defendant, who was often wealthy, as Mr. Morrell said, could not sue her into dropping her charge or facing bankruptcy. That was the reason behind the rule. And if we expand it to other people, no matter how good that policy sounds, that gets past what the reason for the rule is. The reason for the rule is to protect victims of sexual misconduct so that they will come forward and they will report their case. This case is going to trial on December 1st. The uproar in the community from all the news information and misinformation required my client to waive the jury, and so now he has to try the case before a judge because we couldn't get a fair judge. This lawsuit was done in part to protect against all of the public backlash that we were getting from Nancy Grace's program, and Everett Lee is the real victim. He was never charged with a crime. He gets the brunt of all of this, and the state is not even prosecuting him. I'm sorry, did you say Everett Lee is the real victim? Everett Lee, in this case that we're here in the Fifth Circuit for, he's being asked to defend, and he was never charged with a crime, and yet he gets lumped in with everyone else and says they all raped her, and they all killed her, and he never got charged with a crime. And so if you were accused of rape and murder, you would think you were a victim too, wouldn't you? I think all of us would, any reasonable person would. And so we appreciate your time, and this is not your ordinary case, but in the end it's a subject matter jurisdiction case. I think that's pretty clean. And a statutory interpretation case, I don't even think you can get to that if you don't have subject matter jurisdiction. And so all the costs and all the attorney's fees and costs and everything were all awarded when you didn't have subject matter jurisdiction, and they were done in response to the judge's order that you will brief this, this, this, and this. And they ran up the attorney's fees, and now they want us to pay it. And if you didn't have subject matter jurisdiction, you can't enforce it. Thank you. All right. Thank you, Counsel. We appreciate your briefing in this case and your presentations here today. The matter will be taken under submission and opinion rendered in due course. That concludes our oral argument docket for today. The panel will reconvene at 1 p.m. tomorrow afternoon. Thank you.